EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN A. PICÓ VIDAL, acusado y apelante.

*Número:* CR-69-135          *Resuelto:* 9 de marzo de 1971

*José M. Sagardía Pérez,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Adolfo Negrón Cruz, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Convicto el apelante de conducir un vehículo de motor bajo los efectos de bebidas embriagantes, fue sentenciado al pago de una multa de $150, o a cumplir la prisión subsidiaria consiguiente y además se le suspendió la licencia de conductor por un año y por cuatro meses adicionales por haberse negado a someterse a los análisis de ley.

En este recurso señala la comisión del siguiente único error:

"La prueba es insuficiente para sostener una convicción por cuanto no destruye la presunción de inocencia ni establece la culpabilidad del apelante fuera de toda duda razonable."

La única prueba de cargo consistió en el testimonio del policía José J. Maldonado, quien en síntesis, y en todo lo que es esencial para la discusión del error señalado declaró como sigue: El día 12 de diciembre de 1968 comenzó a prestar servicios a las ocho de la noche. Por primera vez vio al acusado como a las 2:55 de la mañana del día 13 en el "parking" del Hotel Caribe Hilton en ocasión en que perseguía un automóvil. A eso de las 2:45 se encontraba el

testigo solo en un auto patrulla en el sector 330 de la calle Loíza. Observó desde la calle Luchetti que un automóvil que cruzaba por la calle Cervantes en dirección de norte a sur no se detuvo en la señal de "Pare" que hay en la intersección de las calles Luchetti y Cervantes. El auto patrulla decía "Policía de Puerto Rico" y tenía el "bombo" encendido. Mandó a parar el auto que era uno deportivo color verde con capota blanca, haciéndole señales con la mano y con la sirena pero no se detuvo y entonces lo persiguió por la calle Luchetti, cruzaron por "la marginal Baldorioty, entonces el carro iba bastante alante, entonces la Avenida Condado y Marginal estaba la luz roja, entonces no se paró, siguió, cogió la Avenida Condado hacia la Avenida Ashford, entonces en la luz de Magdalena y Condado estaba verde y la pasó, entonces al llegar a la Ashford hay una señal de 'Pare', ahí no se paró tampoco y dobló hacia la izquierda por la Avenida Ashford en dirección de este a oeste." Siguió por la Avenida Ashford hacia el Hotel San Gerónimo. "Luego cuando llegamos a la Ponce de León, que yo estaba persiguiendo el carro, el carro iba bastante retirado, entonces dobló por la Ponce de León hacia la derecha y luego al llegar a la entrada del Caribe Hilton yo noté que el carro se metió al Caribe Hilton." Sigue declarando el testigo que él entró al Caribe Hilton, se dirigió hacia el "parking" y "ví el carro estacionado allí." Notó que había dos individuos fuera del carro; éste estaba apagado y sin luces encendidas; cuando esas personas vieron el carro de la patrulla se metieron dentro del carro; el acusado ocupó el asiento del guía. Como los cristales estaban subidos, el testigo les tocó para que salieran; el carro era el mismo que el testigo había perseguido; el acusado le dijo que él era el dueño de ese automóvil; no les preguntó quien conducía el vehículo; notó que el acusado se meneaba como cuando una persona está en aparente estado de embriaguez. "Se le notaba que estaba como los ojos rojizos, entonces no se podía sostener en sus propios pies." Dice ade-

más que el acusado hablaba entrecortado y su boca despedía fuerte olor a licor y que el acusado se negó a someterse a los exámenes de sangre, orina o aliento.

Repreguntado por la defensa declaró:

"P Maldonado, entonces durante todo ese tiempo, desde que usted ve ese automóvil, hasta llegar al 'parking' del Hotel Caribe Hilton, usted lo que ve es un vehículo con dos cabezas.

R Sí, señor; cabezas, sí, señor.

P ¿De espalda?

R Sí, señor.

P Y antes de usted entrar al 'parking' usted llama a su Sargento y le informa.

R Correcto, en el momento que se metió al 'parking', como éso no tiene salida, es la única salida que tiene.

P Y luego de usted hablar con el Sargento es que usted entra?

R Del mismo radio se puede llamar.

P Y cuando llega allí, el acusado y la otra persona estaban fuera del automóvil?

R O sea, cuando estoy entrando al 'parking', a la caseta que hay, ya el carro estaba estacionado.

P ¿Con luces apagadas?

R Y los dos individuos que estaban, estaban fuera.

P De manera, Maldonado, que usted no puede asegurarle al Tribunal que fuera este muchacho el que estuviera manejando ese automóvil.

R No, señor." (T.E. págs. 17–18.)

El único testigo de cargo no vió al acusado conduciendo su vehículo. No hay en el récord prueba directa que le conecte con la comisión del delito. Procede, por lo tanto, resolver si la prueba indirecta establece en este caso la culpabilidad del acusado fuera de duda razonable.

█ El hecho controvertido de si el acusado era la persona que conducía su automóvil podía demostrarse con evidencia indirecta, probando otro hecho distinto del cual pudiera inferirse el hecho controvertido. 32 L.P.R.A. sec. 1630. La inferencia es la deducción que de los hechos probados hace en su discernimiento el juez o jurado, sin que al

efecto medie mandato expreso de la ley. 32 L.P.R.A. sec. 1882. Y según declara la Ley de Evidencia una inferencia deberá fundarse (1) en un hecho probado legalmente; y, (2) en la deducción que de ese hecho justificaren la consideración de las ordinarias propensiones o pasiones humanas, las propensiones o pasiones particulares de la persona cuyo acto se discute, el curso de los negocios, o el de la naturaleza. 32 L.P.R.A. sec. 1884. Si la evidencia indiciaria o circunstancial dejara establecido en este caso, fuera de duda razonable, que el acusado era el conductor del vehículo perseguido por la policía, quedaría probada su culpabilidad toda vez que no hay controversia en cuanto a los otros elementos de dicho delito. Véase, *Pueblo* v. *Rivera Antuna*, 88 D.P.R. 630 (1963), y casos citados a la pág. 635.

Para inferir que el acusado era la persona que conducía el vehículo, el tribunal sentenciador ha tenido que descansar en los siguientes hechos probados: que en el vehículo perseguido por la policía viajaban dos personas; que dicho vehículo fue estacionado en el sitio de aparcamiento del Hotel Hilton; que cuando el policía llegó a ese sitio, el automóvil estaba ya estacionado, con el motor y las luces apagadas; que fuera del automóvil había dos personas, siendo una de ellas, el acusado; que cuando el policía se acercó al automóvil, esas dos personas penetraron en el interior del mismo, ocupando el acusado el asiento destinado al conductor; que a requerimiento del policía, ambas personas salieron del automóvil; que en ese momento el motor del automóvil no fue puesto en marcha; que el acusado informó al policía que él era el dueño del vehículo; que ese vehículo era el mismo que había sido perseguido por la policía momentos antes.

De estos hechos puede inferirse, a lo sumo, que las dos personas que estaban cerca del automóvil ya estacionado, eran las personas que viajaban en dicho automóvil mientras era perseguido por la policía. Para inferir que el acusado era el conductor del vehículo, sólo puede descansarse en dos hechos

probados, a saber: (1) que el vehículo era propiedad del acusado, y (2) que cuando el policía se acercó al vehículo ya estacionado, el acusado y otra persona subieron al vehículo, ocupando el acusado el sitio destinado al conductor. No hay prueba directa de que el acusado viajara en su vehículo mientras era perseguido por la policía, aunque este hecho sí se puede inferir de los demás hechos probados. Sin embargo, en la cadena de hechos probados en este caso falta un eslabón necesario para establecer la inferencia de que el acusado era el conductor del vehículo y que por lo tanto dicho hecho quedó probado fuera de toda duda razonable. El hecho de que el acusado fuera el dueño del vehículo unido a la inferencia de que viajaba en el mismo con otra persona más, y el hecho de que el acusado, al llegar el policía subiera a su vehículo y ocupara el asiento del conductor no demuestran más allá de una duda razonable que el acusado era el conductor del vehículo. La prueba de cargo más bien tiende a establecer una inferencia contraria pues resulta increíble que una persona en completo estado de embriaguez, al extremo de que no podía sostenerse sobre sus propios pies, según lo declaró el policía, pudiera conducir un vehículo de motor a velocidad por distintas calles y avenidas de Santurce hasta llegar al Hotel Caribe Hilton, sin provocar, sin sufrir el más leve accidente.

Si bien la prueba circunstancial es suficiente para sostener una convicción, dicha prueba debe establecer la culpabilidad del acusado más allá de duda razonable. *Pueblo* v. *Rivera Antuna*, supra. En el presente caso no es un hecho probado, fuera de duda razonable, que el acusado condujo un vehículo de motor bajo los efectos de bebidas embriagantes.

*Debe revocarse la sentencia apelada y dictarse otra, absolviendo al acusado.*

Los Jueces Asociados Señores Rigau y Martínez Muñoz, no intervinieron.