# 95 DTA 148

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
## PANEL I

EL PUEBLO DE PUERTO RICO
Recurrido

v.

JOSE M. BRISTOL FIGUEROA
Recurrente

Núm. KLCE-95-00175

San Juan, Puerto Rico, a 23 de mayo de 1995

Panel integrado por su presidente, Juez señor Amadeo Murga
y los Jueces señora Pesante Martínez y señor Rivera Pérez

Señor Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El acusado-peticionario, José M. Bristol Figueroa, acude ante este Tribunal solicitando se expida auto de *certiorari* para revisar y eventualmente revocar resolución emitida en reconsideración por el Tribunal de Primera Instancia, Sala Superior de Guayama. En ella se declaró no ha lugar una Moción de Desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, por dos alegadas infracciones al Artículo 401 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2401. Ese petitorio de desestimación fue realizado por el acusado, José M. Bristol Figueroa, y adujo que la determinación de causa probable para acusar acaecida en vista preliminar fue realizada contraria a la ley y a derecho. El acusado-peticionario no ha colocado a este Tribunal en posición de ejercer su discreción y expedir el auto. Denegamos el recurso de certiorari incoado. Procedemos a explicar nuestra determinación.

### I

La petición de *certiorari* presenta una relación de los procedimientos acaecidos durante la vista preliminar y de la prueba testifical desfilada en la misma, preparada a base de una grabación de los mismos que realizara la Lcda. Sonia Avilés Lamberty, quien está a cargo de la representación legal del acusado-peticionario, Bristol Figueroa, ante el Tribunal de Primera Instancia.█ En adición, incluye una relación de los procedimientos con posterioridad a la celebración de la vista preliminar.

Durante la vista preliminar declaró, como único testigo de cargo, el policía Ricardo Rivera Colón, adscrito a la División de Saturación Anticrimen de Guayama, lo siguiente:

*"1- Que el 27 de septiembre de 1994 fue a diligenciar una orden de allanamiento expedida contra una residencia de dos plantas ubicada en la Calle 3 del Barrio Olimpo de Guayama. Describe la estructura como dos casas construidas en cemento, madera y zinc. La orden de allanamiento fue expedida por el Hon. José A. Del Morán, Juez Municipal, a base de una declaración jurada prestada por el agente José R. Pérez. Durante el contrainterrogatorio añadió, que la orden de allañamiento tenía una nota del juez Del Morán, a mano, que autorizaba el allanamiento de la planta baja de la casa. Se trataba de dos casas, una arriba y otra abajo.*

*2- Que al llegar al lugar donde está localizada la estructura, el policía observa una persona en el balcón de la casa ubicada en la planta baja, quien resultó ser Benigno Díaz De León. Este corrió hacia el extremo izquierdo de la residencia, llevando en la mano una bolsa plástica con un sinnúmero de cápsulas de supuesto "crack." Sube corriendo a la planta alta*

*por una escalera. El agente lo sigue. Entran a la residencia localizada en la planta alta. Observa que Benigno Díaz De León se mete al baño y, con la ayuda de dos menores, se deshace de la evidencia. Del baño sale David De León, quien tenía una cápsula de "crack" en la oreja izquierda.*

*3- Que en un cuarto al fondo de la planta alta de la estructura observa al acusado-peticionario, José M. Bristol Figueroa, quien corre hacia una ventana para deshacerse de la evidencia junto a un menor. Se veía desesperado por lanzar algo por la ventana. Durante el contrainterrogatorio añadió que cuando llega a la planta alta persiguiendo a otro individuo, observa a Bristol Figueroa que corre de la sala hacia el cuarto y arroja algo por una ventana. No puede decir qué arrojaba. No puede precisarlo. Sólo sabe que abajo, debajo de la ventana, se ocupan por otros dos agentes, más tarde, dos cápsulas de "crack." Indica que él no le ve nada en las manos a Bristol. Que no puede decir que fue lo que éste tiró.*

*4- Que todos son detenidos inmediatamente. Les hacen las advertencias de ley y proceden a registrarlos por su seguridad.*

*5- A David De León le ocupan una cápsula de "crack" y $89. Ocupan veintiuna (21) cápsulas de "crack," un polvo compacto que parecía cocaína y dos (2) bolsitas con cincuenta (50) picaduras de marihuana. Ocupan la mayor parte de la evidencia en el tubo del desagüe del baño. Debajo de la ventana del cuarto localizado en la planta alta, ocupan dos (2) cápsulas de ":crack."*

*6- Después de ocupar esa evidencia los arrestan a todos y los llevan al cuartel donde se realiza una prueba de campo arrojando un resultado de positivo de cocaína y marihuana el material ocupado. Expresa que él depositó esa evidencia en un sobre sellado e iniciado y la llevaron ante el fiscal, quien procedió a presentar cargos bajo el Artículo 401 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2401. Los imputados fueron llevados ante un juez, quien determinó causa para el arresto y le impuso una fianza de $350,000, la que no pudieron prestar, siendo ingresados en la cárcel. Se admitió en evidencia copia de la prueba de campo realizada."*

Con ese testimonio se determinó causa probable contra el acusado-peticionario, José M. Bristol Figueroa, en vista preliminar.█ El 10 de noviembre de 1994 se presentaron las acusaciones en su contra.█

El 10 de enero de 1995, la licenciada Sonia Avilés Lamberty, en representación del acusado-peticionario, radicó en el Tribunal de Primera Instancia una *"Moción al Amparo de la Regla 64(p) de Procedimiento Criminal,"* alegando que en la etapa de vista preliminar se determinó causa probable por el delito imputado contrario a derecho.█ Sin prejuzgar el resultado, entendemos que el vehículo procesal utilizado no fue el más adecuado, dentro de las circunstancias pertinentes de este caso.

El 17 de enero de 1994 el entonces Tribunal Superior, Sala de Guayama, Hon. Dante A. Rodríguez Sosa, emitió resolución en la que declaró no ha lugar la moción presentada por la abogada del acusado-peticionario, Bristol Figueroa.█ El Tribunal de Instancia adujo como fundamento para su denegatoria que el acusado-peticionario no pudo demostrar una ausencia total de prueba de todos o alguno de los elementos del delito imputado durante la vista preliminar.

El 23 de enero de 1995 el acusado-peticionario, Bristol Figueroa, sometió *"Moción Urgente de Reconsideración de Resolución y Solicitud de Vista"* aduciendo el argumento que durante la celebración de la vista preliminar, el Ministerio Público no presentó evidencia que estableciera la existencia de causa probable sobre todos los elementos del delito de posesión

con intención de distribuir sustancias controladas y que debido a la ausencia de la mencionada evidencia, procede la desestimación de la acusación de acuerdo a lo resuelto en el caso de *Pueblo v. Rodríguez Aponte,* 116 D.P.R. 653 (1985)■

El 30 de enero de 1995 se señaló vista para el 16 de febrero de 1995 para discutir la *"Moción Urgente de Reconsideración de Resolución y Solicitud de Vista"* presentada por el acusado-peticionario.■ El día de la vista el Tribunal de Primera Instancia expresa que resolvería por escrito, después de admitir en evidencia la grabación de la vista preliminar y concederle al acusado-peticionario cinco (5) días para someter memorando de derecho.

El 7 de marzo de 1995 el Tribunal de Primera Instancia emitió Resolución declarando no ha lugar las mociones en cuestión, por no existir base fáctica ni jurídica para acoger lo planteado por el acusado-peticionario, Bristol Figueroa, pues éste no logró demostrar que la determinación del Juez interventor estuviese incorrecta en derecho. Determinó que no procede en esa etapa adjudicar credibilidad.■

## II

El acusado-peticionario, José M. Bristol Figueroa, tenía a su alcance el mecanismo procesal de la Regla 64(p) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, para atacar la determinación de causa probable realizada en la vista preliminar. Para derrotar la presunción legal de corrección que cobija a dicha determinación, el acusado-peticionario tenía que demostrar que existe **ausencia total de prueba** en cuanto a la probabilidad de que se haya cometido el delito que se le imputa y su conexión con el mismo■

El acusado-peticionario, Bristol Figueroa, adujo como argumento en su moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra*, que del testimonio vertido por el policía Ricardo Rivera Colón surgía que existía una orden de allanamiento. Que él no fue la persona que hizo la observación. Que no tenía descripción que coincidiera con las personas arrestadas. Que dicha orden era para la casa ubicada en la primera planta y no para la segunda. Que no hubo tiempo de anunciar la presencia de la policía. Que la única observación que hace ese agente de José M. Bristol Figueroa es que éste corre hacia un cuarto y junto a un menor tira algo por una ventana que otro agente luego ocupa. Que lo lanzado resultó que eran dos (2) cápsulas de *"crack"*, por lo que alegadamente no se probó el elemento de la posesión con intención de distribuir del Artículo 401 de la Ley de Sustancias Controladas, *supra*.

Nuestro más alto Tribunal ha dispuesto claramente los requisitos, bajo los cuales estuvo supeditado el examen judicial realizado por parte del Tribunal de Primera Instancia, Sala Superior de Guayama, de una Moción al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A., Ap. II. En *Pueblo v. Rivera Alicea, supra,* pág. 7282, dispuso como norma nuestro más alto foro lo siguiente:

*"El análisis adecuado, para resolver una moción de desestimación al amparo de dicha regla, **requiere examinar la prueba de cargo y defensa vertida en la vista preliminar y la producida por el imputado durante la vista de desestimación**. A la luz de los elementos del delito imputado el juzgador debe determinar si tal prueba establece la probabilidad de que estén presentes todos los elementos, a saber, la probabilidad de que se haya cometido tal delito imputado. Concomitante a dicho examen, debe determinar si hay prueba que probablemente conecte al imputado con el delito probablemente cometido."* (Bastardillas nuestras).

Sobre este particular comenta el jurista Ernesto Chiesa Aponte, lo siguiente■

*"...el juez que adjudica una moción de supresión de evidencia incautada mediante previa*

*orden judicial, impugnada por alegada ausencia de causa probable, debe guardar cierta deferencia a la inicial determinación de causa probable que hizo el magistrado que expidió la orden.*

*"...Nos parece que una vez obtenida la inicial determinación judicial de causa probable al expedirse la orden, la mejor norma es que la ulterior revisión judicial de tal determinación se guíe bajo el principio general de que la función revisora será determinar si había base suficiente para que un magistrado determinara causa probable; debe rechazarse la norma de que haya una determinación de novo de causa de probable. En cuanto a la revisión apelativa en certiorari o apelación --usualmente por el Tribunal Supremo de Puerto Rico-- si la determinación inicial de causa probable por el magistrado que expidió la orc. ˙ y˙. fue confirmada por otro tribunal en procedimiento de supresión de evidencia o desestimación de la acusación la deferencia debía ser mayor; nos parece indeseable una determinación de novo por el tribunal apelativo.*

*Por el contrario, si el tribunal de instancia alteró o revocó la determinación inicial de causa probable que hizo el magistrado que expidió la orden, la función revisora del tribunal apelativo debería ser si se excedió el tribunal de instancia en su función adjudicativa, a saber, si había base sustancial que sostuviera la determinación de causa probable que hizo el magistrado que expidió la orden."*

El Tribunal de Primera Instancia, Hon. Dante A. Rodríguez Sosa, aplicó el principio de deferencia al juez que había determinado causa probable para acusar. Tuvo ante sí toda la prueba de cargo presentada por el Fiscal en la vista preliminar.

El testimonio del agente Ricardo Rivera Colón vertido durante la vista preliminar, no presenta un cuadro fáctico de **ausencia total de prueba** de todos o alguno de los elementos de los delitos imputados a José M. Bristol Figueroa por los cuales fue eventualmente acusado. Por el contrario, refleja la presencia de evidencia que sostiene la presunción de corrección de lo acaecido en la vista preliminar. Ese testimonio cubre el criterio aplicado a la situación del caso ante nos en que el acusado-peticionario, José M. Bristol Figueroa, probablemente, ha cometido el delito imputado de posesión de sustancias controladas con intención de distribuir. Se sostiene por la cantidad ocupada de la sustancia prohibida y por el principio de posesión constructiva. En ese tipo de posesión, se impone responsabilidad penal a todas las personas que tengan conocimiento, control y manejo del bien prohibido aunque no lo tengan bajo su posesión inmediata. D. Nevárez, *Derecho Penal Puertorriqueño,* a la página 127 (1983) y *Pueblo v. Rivera Rivera,* 117 D.P.R. 283, 294 (1986).

### III
Evaluemos de inmediato **la totalidad de las circunstancias** que rodean este caso, según el testimonio del policía Rivera Colón, esbozado ante nos, por la petición de *certiorari.*

El policía Rivera Colón observa a Benigno Díaz De León en la planta baja, lugar de la estructura sobre la cual tiene una orden de allanamiento, quien comienza a correr al extremo izquierdo de la casa llevando una bolsa plástica con varias capsulas de supuesto *"crack."* Podemos apreciar de esa parte de su testimonio, evidencia percibida a plena vista por un agente del orden público. El objeto o sustancia delictiva fue descubierto a plena vista por el agente Rivera Colón quien tenía el derecho a estar en el lugar desde el cual podía observar tal prueba. Fue descubierta esa prueba, por el agente, inadvertidamente, surgiendo la naturaleza delictiva de la sustancia de su simple observación. Benigno Díaz De León sube corriendo a la planta alta de la estructura por una escalera de madera y entra a un servicio sanitario y con la ayuda de dos menores, se trata de deshacer de la evidencia. David De León sale del servicio sanitario con una cápsula de *"crack"* en la oreja izquierda, los agentes intervienen y registran el servicio sanitario y ocupan en el tubo del desague la mayor parte de la sustancia

delictiva ocupada.

Observa el policía Rivera Colón a José M. Bristol Figueroa correr de la sala localizada en la planta alta de la estructura, donde éste se encontraba, acercándose rápidamente a una habitación localizada al fondo de la casa, junto a un menor, y en forma desesperada lanza algo a través de una ventana que luego, al ocuparse, debajo de la misma, resulta ser dos (2) cápsulas de *"crack."*

Nuestro más alto Tribunal ha dispuesto en el caso de *Pueblo v. Cruz Torres*, **94 J.T.S. 122**, opinión del 14 de septiembre de 1994, lo siguiente:

*"A esos efectos la jurisprudencia ha reconocido, entre otras situaciones, que la orden judicial previa resulta innecesaria: cuando la evidencia se encuentra a plena vista, Pueblo v. Dolce, 105 D.P.R. 422 (1976); cuando la evidencia es arrojada y abandonada, Pueblo v. Lebrón, ante; cuando la evidencia es obtenida en el transcurso de una persecución, Pueblo v. Riscard, 95 D. P.R. 405 (1967)...*

*Ahora bien, hemos resuelto, adicionalmente, que registro- -sin orden judicial que lo autorice-- de la persona que es legalmente arrestada, y del área que está a su alcance inmediato, es completamente permisible y, por ende, legal y razonable. Ello se justifica cuando dicho registro se hace con el propósito de evitar que la persona arrestada pueda utilizar armas para atacar a los agentes del orden público, o para intentar una fuga, y para ocupar evidencia que de otro modo, el arrestado podría destruir. Pueblo v. Costoso Caballero, 100 D.P.R. 147 (1971)."*

Del testimonio del policía Rivera Colón surgen circunstancias apremiantes para la intervención inmediata por los agentes en el área del servicio sanitario.██ De otra forma se hubiera destruido evidencia pertinente relacionada con la alegada comisión del delito de posesión de sustancias controladas con intención de distribuir, para lo cual había suficiente y amplio motivo fundado de los agentes para creer que se estaba cometiendo.

No puede justificarse el arresto con el registro y el registro con el arresto. La simple inversión del orden usual del arresto formal seguido inmediatamente del registro del arrestado, no tiene el efecto de invalidar el registro. La validez del registro no debe depender del orden, cuando uno sigue inmediatamente al otro. El orden puede ser el natural o lógico. *Pueblo v. Pacheco Báez*, **92 J.T.S. 69**, opinión del 8 de junio de 1992.

El policía Rivera Colón describe en detalle el comportamiento del acusado-peticionario, Bristol Figueroa. Lo encuentra en la planta alta de la estructura en ocasión de la persecución de Benigno Díaz De León. En la planta alta se encontró la mayor parte de la evidencia ocupada. Tan pronto se percata de la presencia de la policía, corre al fondo de la casa y se introduce en un cuarto y en forma desesperada lanza algo a través de una ventana. Tomados como hechos básicos probados los datos anteriores, a los efectos de la vista preliminar, se puede inferir razonable y lógicamente la probabilidad de que José M. Bristol Figueroa tuviera conocimiento, control y manejo de gran parte de la sustancia prohibida ocupada aunque no la tuviera bajo su posesión inmediata██

## IV

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari* por no exponer la petición asunto que justifique mover la discreción de este Tribunal para expedir y revisar la resolución recurrida del Tribunal de Primera Instancia.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 148

**1.** Véase página número dos (2), nota al calce número tres (3) de la petición de *certiorari.*

**2.** Véase Apéndices I y II, páginas 1 y 2 de la petición de *certiorari.*

**3.** Véase Apéndices IV y V, páginas 4 y 5 de la petición de *certiorari.*

**4.** Véase Apéndice VI, página 6, de la petición de *certiorari.*

**5.** Véase Apéndice VII, páginas 8 y 9, de la petición de *certiorari.*

**6.** Véase Apéndice VIII, páginas 10, 11 y 12, de la petición de *certiorari.*

**7.** Véase Apéndice XI, páginas 15, 16 y 17, de la petición de *certiorari.*

**8.** Véase Apéndice XIII, páginas 32 y 33, de la petición de *certiorari.*

**9.** *Pueblo v. Rivera Alicea,* **89 J.T.S. 168.**

**10.** Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Colombia, Tercer Mundo Editores, 1991 vol. 1, págs. 370 *et seq.*

**11.** Véase Apéndice XI, página 15, de la petición de *certiorari.*

**12.** *Pueblo v. Iorio Ormsby,* **94 J.T.S. 155,** opinión del 13 de diciembre de 1994; *Pueblo v. Picó Vidal,* 99 D.P.R. 708 (1971).

**13.** Se conoce como *"crack"* a la forma cristalizada de la cocaína que se obtiene mezclándola con bicarbonato sódico. Al calentar los cristales se evapora el bicarbonato y se inhala la cocaína pura. 2, *The Encyclopedia of Psichoative Drugs, Drugs and Disease,* págs. 64-67 (1987).

**14.** *Pueblo v. Dolce,* 105 D.P.R. 422 (1976); *Pueblo v. Espinet,* 112 D.P.R. 531 (1982).

**15.** *Pueblo v. Rivera Colón,* **91 J.T.S. 61,** opinión del 26 de junio de 1991.

**16.** Regla 10 de Evidencia, 32 L.P.R.A. Ap. IV:

*"El tribunal o juzgador de hechos deberá evaluar la evidencia presentada, a los fines de determinar cuáles hechos han quedado establecidos o demostrados, con sujeción a los siguientes principios:*

*(A)....*
*(B)....*
*(C)...."*