TEXTO COMPLETO DE LA SENTENCIA
El apelante, Miguel A. Olivo Rodríguez, nos solicita que dejemos sin efecto dos sentencias del Tribunal de Primera Instancia, Sala Superior de San Juan. Cada una lo declaró culpable de haber violado el Artículo 171 del Código Penal de Puerto Rico, 33 L.P.R.A. see. 4277, el cual codifica el delito de escalamiento agravado como el que se comete cuando una persona penetra en una casa, un edificio u otra construcción o estructura, o sus *704 dependencias o anexos, con el propósito de cometer cualquier delito de apropiación ilegal o cualquier delito grave en las siguientes circunstancias, entre otras: 1) de noche y 2) cuando mediare forzamiento para la penetración. Id. Como consecuencia, fue condenado a quince (15) años de reclusión a ser cumplidos de forma concurrente entre sí. Atendido el recurso ante nuestra consideración y a la luz los fundamentos que a continuación esbozamos, acordamos confirmar las sentencias apeladas.
Los autos reflejan que por hechos ocurridos el 4 de septiembre de 1998 se acusó al apelante de haber penetrado en horas de la noche al negocio Doctor Weight Loss Center, calle Calaf #31 en Hato Rey, forzando la puerta trasera del mismo para apropiarse de $280.00 en efectivo. Se le imputo también haber penetrado en horas de la noche al establecimiento Dover Elevators, Calle Calaf Esq. Federico Costa #205 en Hato Rey, luego de forzar una pared de "gypsum board" que divide dicho local del de Doctor Weight Loss Center para asi apropiarse de $269.00 en efectivo.
La vista en su fondo se celebró por tribunal de derecho. De la exposición narrativa estipulada de la prueba se desprende que el testigo de cargo, agente Edwin Del Valle Caraballo, declaró lo siguiente. Cerca de las 3:35 de la madrugada del día de los hechos se encontraba solo patrullando en la avenida Chardón, Hato Rey, frente a Auto Germana. En ese momento recibió un mensaje por radio indicando que se había activado la alarma del establecimiento Dover Elevators. Por su cercanía al lugar de los hechos señala que en alrededor de minuto y medio llegó. Declaró que efectivamente la alarma estaba activada. Allí observó al apelante saltando la verja que da acceso a la parte posterior del negocio Doctor Weight Loss Center, que colinda con el local de Dover Elevators. Procedió a intervenir con él. Le preguntó si trabajaba en dicho negocio a lo cual le contestó que no. Lo describió sin camisa, con dos medias blancas sucias en sus manos como si fueran guantes, un mahón corto azul, tennis oscuros, estaba rayado en los codos y la espalda y estaba sucio.
Al constatar que no era empleado del lugar y percatarse de que la puerta de Doctor Weight Loss Center se encontraba entreabierta y la alarma continuaba activada, lo arrestó. Le hizo las correspondientes advertencias legales. Lo registró y le ocupó la cantidad de $549.00. Luego de llegar otros compañeros de la policía, procedió a inspeccionar el referido local. Encontró la puerta de emergencia semi-abierta y forzada. Observó que el lugar estaba completamente revuelto con todas las gavetas de los escritorios abiertas y los papeles regados. La caja de "petty cash" también estaba abierta con sólo papeles.
En la pared de "gypsum board" del área de recepción, entremedio de dos sillas, se encontraba un agujero grande que daba acceso a la oficina contigua del establecimiento Dover Elevators cuya alarma estaba activada. En las sillas había un "sweater" color crema y unas gafas doradas marca "Ray Ban". Observó también un radio portátil (comunicador) sobre un escritorio. Estaba roto y tenía fragmentos de un polvo blanco que se parecía mayormente a "gypsum board". Concluyó que fue utilizado para hacer los agujeros.
Como parte del contrainterrogatorio acepta que no vio al apelante dentro de los establecimientos en cuestión ni con el "sweater" color crema ni las gafas puestas. Indica que no se levantaron huellas dactilares, ni se realizaron análisis a las medias blancas, no se tomaron muestras de cabellos y tampoco se efectuaron estudios sobre huellas de pisadas de zapatos. Admite que la puerta de emergencia era de metal y no le ocupó al apelante algún tipo de herramienta usada para escalar.
En el re-directo declaró que cuando le ocupó el dinero al apelante, éste le indicó que trabajaba como hojalatero y que venía de un casino de Isla Verde. Manifestó que le dio muchas contestaciones, entre ellas que el dinero provenía de carreras de caballo y que esperaba la guagua de la A.M.A. para ir desde el Condado hasta Hato Rey para luego ir a Cataño. Indicó que no cabía por el agujero pero que el apelante sí.
En el re-contrainterrogatorio admite que no escribió en el informe de delito preparado el mismo día de los hechos que el apelante dijo ser hojalatero y que obtuvo un dinero en carreras de caballo o de un casino. Acepta que tampoco su declaración jurada recoge esa información. Testificó también que ninguno de los agujeros de las paredes mostraba rastros de sangre o de piel y que nunca hizo la prueba de pasar al apelante por ellos. A *705 preguntas de la Jueza que presidió la vista contestó que por la estatura del apelante y su cuerpo entendía que éste cabía por el agujero. A preguntas de la defensa afirmó que éste tenía trazos de "gypsum board" en el cuerpo. Admite, sin embargo, que en su declaración jurada nada.dice al respecto.
El señor Luis M. Vázquez, también testigo de cargo, atestiguó que al momento de los hechos era contralor en el local Doctor Weight Loss Center. Llegó allí luego que el agente Del Valle Caraballo lo llamara. Sostuvo que la puerta posterior del establecimiento estaba forzada, las oficinas revueltas y la caja para gastos misceláneos fuera de lugar, abierta y sin dinero. Entendía que debía haber $280.00 en efectivo. Declaró que al lado del hueco en la pared que colinda con Dover Elevators se encontraba una silla con un "jacket" crema y unas gafas los cuales no fueron reconocidos por los empleados. Señaló que no conoce al apelante y éste no estaba autorizado a estar en el local. Admite que no vio a persona alguna dentro de las oficinas y tampoco sabía quien pudo haber entrado.
El último testigo de cargo lo fue el señor Jorge Díaz González. Para la fecha de los hechos trabajaba como gerente de ventas de Dover Elevators. Declaró que llegó allí luego que el agente Del Valle Caraballo lo llamara. Sostuvo que la oficina estaba desordenada. Habían unos boquetes en la pared y la bandeja de "petty cash" estaba vacía faltando entre $260.00 a $280.00. Respondió que no conocía al apelante, que éste no estaba autorizado a estar en las oficinas de Dover Elevators y tampoco era empleado de allí. Expuso que el radio comunicador apareció fuera del lugar donde se almacenan normalmente y mostraba estar cubierto de "gypsum board". Admite que no vio a persona alguna dentro del local.
Con la prueba antes reseñada y tras haberse admitido prueba documental consistente de las medias, el radio, el "sweater" y las gafas ocupadas así como varias fotos de los locales, el asunto quedó sometido. El foro de instancia encontró culpable al apelante de los delitos por los que se le acusó. Dictó, pues, las sentencias que se encuentran ante nuestra consideración.
Inconforme, el apelante acude ante nos. En su alegato le imputa a la sala sentenciadora la comisión del siguiente error:

“Erró el juzgador de hechos al encontrar culpable al apelante de autos en virtud de una prueba que no derrotó la presunción de inocencia, ni estableció su culpabilidad más allá de duda razonable. ” 

Plantea esencialmente que aunque la prueba demostró que se efectuó un escalamiento agravado en los locales comerciales en cuestión, la misma no estableció más allá de duda razonable que fuera el apelante quien cometió tal conducta delictiva.
El Procurador General compareció en autos. Argumenta, en síntesis, que la prueba circunstancial presentada en este caso es abrumadora e identifica el apelante como el autor de los hechos delictivos en cuestión.
Es un principio rector de nuestro sistema de derecho que la culpabilidad de un acusado de delito debe estar sostenida por prueba que establezca más allá de duda razonable todos los elementos del delito y la conexión del acusado con los mismos. Pueblo v. Rodríguez Santana, 98 J.T.S. 141; Pueblo v. De León Martínez, 132 D.P.R. 746 (1993). Dicho requisito se cumple cuando la prueba presentada es suficiente en derecho. Además de suficiente, debe ser satisfactoria, es decir, que produzca certeza o convicción moral en una conciencia exenta de preocupación, es decir, en un ánimo no prevenido. Pueblo v. Cabán Torres, 117 D.P.R. 645 (1986); Pueblo v. Rodríguez Román, 128 D.P.R. 121 (1991).
Claro está, lo anterior no quiere decir que toda duda posible tenga que ser derrotada y que la culpabilidad del acusado deba establecerse con una certeza matemática. Basta con que la evidencia produzca aquella certeza moral que convence, dirige la inteligencia y satisface la razón. Duda razonable no es una duda posible. Se trata de una duda fundada, producto del raciocinio de todos los elementos de juicio envueltos en el caso. No debe ser pues, una duda especulativa, caprichosa o imaginaria. Pueblo v. Bigio Pastrana, 116 D.P.R. 748, 761 (1985). Véase, Pueblo v. Meléndez Rodríguez, 136 D.P.R. 587, 620 (1994).
*706 Por otro lado, la Regla 10(H) de las de Evidencia, 32 L.P.R.A. Ap. IV, R. 10(H), dispone que cualquier hecho en controversia es susceptible de ser demostrado por prueba directa o mediante evidencia indirecta o circunstancial. Señala también que este último tipo de evidencia es aquella que tiende a demostrar el hecho en controversia probando otro distinto, del cual, en unión a otros hechos ya establecidos puede razonablemente inferirse el hecho en controversia. En la directa se pmeba el hecho en controversia sin que medie inferencia o presunción alguna. Id.
Es norma establecida que la pmeba circunstancial es intrínsecamente igual a la directa. Pueblo v. Pagán, Ortiz, 130 D.P.R. 470, 479 (1992); Pueblo v. López Rodríguez, 118 D.P.R. 616 (1987). Asimismo, una convicción puede estar válidamente sostenida por pmeba indirecta o circunstancial, siempre y cuando la culpabilidad del acusado se establezca fuera de duda razonable. Pueblo v. Bigio Pastrana, supra, nota al calce 11; Pueblo v. Picó Vidal, 99 D.P.R. 708, 713 (1971). Véase, Pueblo v. Meléndez Rodríguez, supra, pág. 622. La culpabilidad del acusado no tiene que ser incompatible con otra hipótesis razonable de inocencia. Pueblo v. Ortiz Rodríguez, 100 D.P.R. 972, 978 (1972).
La característica fundamental de la pmeba circunstancial es que la evidencia ofrecida, aunque fuere creída, no es por sí sola suficiente para probar el hecho que se pretende probar con ella. Requiere de un proceso de inferencias en unión a otra evidencia ya admitida o un razonamiento basado en la experiencia y las inferencias que hace una persona razonable. Se trata de que las circunstancias apuntan en dirección favorable a la inferencia. En su discernimiento al considerar la evidencia circunstancial aducida para probar un hecho, el juzgador debe reconocer la distinción entre aquélla que es una mera conjetura y la que es una inferencia razonable. Admor. F.S.E. v. Almacén Ramón Rosa, 2000 J.T.S. 122, pág. 1527.
Finalmente, los tribunales apelativos no intervendremos con la valoración de la pmeba que haga el juzgador de los hechos, ya sea el jurado o el juez, en ausencia de pasión, prejuicio, parcialidad o error manifiesto y a menos que la apreciación de la evidencia se aleje de la realidad factual o la pmeba sea inherentemente imposible o increíble. Pueblo v. Maisonave Rodríguez, 129 D.P.R. 49, 63 (1991); Pueblo v. Rivero, Lugo y Almodóvar, 121 D.P.R. 454 (1988).
Con estos principios en perspectiva, apreciamos que la pmeba desfilada creída por el foro de instancia demostró múltiples circunstancias que analizadas en conjunto establecen la inferencia razonable de que el apelante fue la persona que cometió los actos delictivos en cuestión. Quedó probado que se encontraba a las 3:35 de la madmgada "saltando" la verja que da acceso a la parte posterior al negocio Doctor Weight Loss Center; la alarma del local contiguo ocupado por Dover Elevators estaba activada; no tenía camisa; usaba medias blancas sucias como guantes; su cuerpo estaba sucio y rayado; no era empleado de los locales; tenía una cantidad de dinero muy similar a la faltante en los "petty cash" de los respectivos negocios; una de las paredes intemas que da acceso del local de Doctor Weight Loss de Dover Elevators estaba constmida de "gypsum board". Esa pared mostraba un agujero grande por donde cabía el apelante; su cuerpo tenía residuos de "gypsum board"; finalmente ofreció varias versiones sobre el origen del dinero que se le ocupó.
Asimismo, la puerta de emergencia ubicada en la parte posterior de Doctor Weight Loss Center estaba abierta y forzada; las oficinas estaban desordenadas; se reportó como apropiada una suma de dinero semejante a la poseída por el apelante. Cuando el agente de la policía lo sorprendió y le preguntó si trabaja allí le dijo que no. Empero, no justificó su presencia en el lugar ni el porqué estaba saltando la veija del local de Doctor Weight Loss. Tampoco surge de la pmeba que hubiese en esa área alguna otra persona.
A juicio nuestro todas estas circunstancias relevantes nos permiten inferir razonablemente que el apelante fue el autor de los escalamientos ocurridos en Doctor Weight Loss Center y Dover Elevators. La pmeba desfilada apunta con gran fuerza en dirección favorable a esa inferencia. Ello nos produce esa certeza moral necesaria en nuestras conciencias. De tal forma consideramos esas circunstancias suficientes para derrotar la presunción de inocencia y establecer la culpabilidad del apelante más allá de duda razonable. Ciertamente, el *707 foro de instancia tuvo ante sí prueba capaz para así determinarlo. Por lo tanto, el error señalado no fue cometido.
Por los fundamentos que anteceden, se confirman las sentencias apeladas.
Lo acuerda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001 DTA 30
1. Planchas utilizadas en la construcción de paredes con capas de distintos materiales cuyo producto final es similar al de un cartón resistente.
2. En su recurso de apelación señala que también erró el Honorable Tribunal de Primera Instancia al permitir prueba especulativa a los efectos de establecer una posible penetración de un establecimiento a otro a pesar de la objeción de la defensa. Sin embargo, en el alegato no reproduce dicho señalamiento de error. Ante ello, nos abstenemos de adjudicar los méritos de ese planteamiento.
3. En el análisis de las circunstancias que se pueden considerar para establecer la culpabilidad de un acusado, existen varios tipos:

“(a) circunstancias prospectivas: hechos anteriores al crimen y que apuntan hacia su futura comisión (motivo, plan, preparativos, etc.);

(b) circunstancias concomitantes: hechos simultáneos al crimen que permiten que se lleve a cabo por el acusado (presencia en el lugar del crimen, acceso a la víctima, etc.); y

(c) circunstancias retrospectivas: hechos posteriores al crimen que sugieren que el acusado lo cometió (fuga, ocultación de evidencia, etc.). Pueblo v. Ortiz Rodríguez, supra, pág. 978-979 (1972). ”