EL PUEBLO DE PUERTO RICO, apelado, *v.* GILBERT PÉREZ ZA-YAS, acusado y apelante.

*Número:* CR-83-73     *Resuelto:* 13 de marzo de 1985

*Elías González Mathews,* abogado del acusado; *Roberto Schmidt Monge, Procurador General,* y *Lirio Bernal de González, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto tras juicio por ju-

rado del delito de robo y de dos infracciones a la Ley de Armas. Se le impuso una sentencia de veinte años por el delito de robo y de cinco años por cada una de las infracciones a la Ley de Armas. Las sentencias habrían de cumplirse en forma consecutiva. El procesado ha acudido en alzada ante este foro, donde argumenta que el tribunal de instancia debió haber estimado su moción sobre atenuantes y no dictar sentencia con agravantes.

El acusado le señaló al tribunal de instancia los hechos siguientes en calidad de atenuantes:

1. El acusado nunca había sido convicto de delito alguno.

2. El acusado tiene 22 años de edad.

3. El acusado es padre de familia con un hijo de cuatro años de edad a quien tiene que sostener económicamente.

4. El acusado es estudiante universitario en el Recinto de Cupey de la Universidad Interamericana.

5. Ninguna persona resultó herida en el curso de la comisión de los delitos ni se disparó arma de fuego alguna por el acusado.

Es incuestionable que algunos de estos hechos constituyen circunstancias atenuantes bajo las disposiciones de la Regla 171 de Procedimiento Criminal, (¹) complementa-

---

(¹) La Regla 171 provee:

"El tribunal, a propia instancia o a instancia del acusado o del fiscal, con notificación a las partes o la parte contraria, podrá oír, en el más breve plazo posible, prueba de circunstancias atenuantes o agravantes a los fines de la imposición de la pena.

"Se podrán considerar como circunstancias atenuantes, entre otras, las siguientes:

"(A) Hechos relacionados con la comisión del delito, incluyendo entre otros:

"(a) el acusado fue un participante pasivo durante la comisión del delito

"(b) la víctima provocó el incidente

"(c) el delito fue cometido bajo circunstancias poco usuales

"(d) el acusado participó en la comisión del delito bajo coacción o su conducta es parcialmente excusable por alguna otra razón [que] no constituye una defensa de las alegadas afirmativamente

"(e) el acusado no sentía ninguna predisposición, sino que fue inducido por otros a participar en la comisión del delito

"(f) el acusado trató de evitar el daño criminal causado a la persona o a la propiedad, o la cantidad apropiada fue mínima o se le hicieron amenazas

"(g) el acusado creyó que tenía un derecho o una reclamación sobre la propiedad objeto del delito, o debido a otras razones equivocadas creyó que su conducta era legal

"(h) el acusado fue motivado por el deseo de proveer las necesidades básicas a su familia o a sí mismo

"(i) el resultado delictuoso fue producido por negligencia del acusado

"(B) Hechos relacionados con la persona del acusado, incluyendo entre otros:

"(a) el acusado no tiene antecedentes

"(b) edad y condiciones físicas del acusado

"(c) el acusado adolecía de una condición mental o física que significativamente reducía su culpabilidad

"(d) el acusado aceptó su responsabilidad en las etapas preliminares del proceso criminal

"(e) el acusado no cualificaba para una sentencia suspendida

"(f) el acusado restituyó a la víctima por el daño causado

"(g) la conducta y reputación del acusado en su comunidad es satisfactoria

"Se podrán considerar como circunstancias agravantes, entre otras, las siguientes:

"(A) Hechos relacionados con la comisión del delito y con la persona del acusado, incluyendo entre otros:

"(a) el delito fue de violencia, se causó grave daño corporal, o amenaza de causarlo y se evidenciaron hechos que revelan una gran crueldad, ningún respeto humano y un rechazo a las normas de la decencia

"(b) el acusado utilizó un arma en la comisión del delito

"(c) la víctima era particularmente vulnerable ya fuese por minoridad o incapacidad mental o física

"(d) el delito envolvió más de una víctima

"(e) el acusado indujo a otros a participar en la comisión del delito u ocupó una posición de líder o dominante entre los demás participantes

"(f) el acusado utilizó a un menor como coparticipante

"(g) el acusado amenazó a los testigos, ilegalmente evitó que los testigos asistieran a las vistas o los indujo a cometer perjurio o en cualquier otro modo obstaculizó el proceso judicial

"(h) el acusado es miembro de un grupo, organización o empresa criminal organizada

"(i) el delito evidencia unos designios criminales planificados

"(j) el acusado recibió pago por la comisión del delito

"(k) el acusado mintió durante el juicio estando bajo juramento cuando no se le ha procesado por perjurio

ria del Art. 60 del Código Penal, 33 L.P.R.A. sec. 3284.(²)

Del otro lado, el Ministerio Público estableció la existencia de las circunstancias agravantes siguientes, todas mencionadas específicamente en la Regla 171:

1. Se trató de un robo a mano armada, con el consiguiente peligro para la vida de los asaltados, empleados de la Cooperativa de Ahorro y Crédito de Vega Baja. *Pueblo* v. *Lucret Quiñones*, 111 D.P.R. 716, 739–740 (1981).

2. El delito envolvió la apropiación de una gran cantidad de dinero. La suma envuelta en este caso montó a $44,280.17.

3. El acusado mintió durante el juicio. La mentira consistió en haberse presentado prueba documental falsificada para alegar que el día en que se cometieron los hechos se en-

---

"(*l*) el delito envuelve la apropiación de una gran cantidad de dinero

"(m) el acusado tiene un historial delictivo."

(²)El Art. 60 dispone:

"Los objetivos generales que informan la imposición de la pena son los siguientes:

"(a) La protección de la sociedad y la prevención de la delincuencia.

"(b) El castigo justo al autor del delito.

"(c) La rehabilitación moral y social del autor dentro de los recursos disponibles del Estado.

"(d) El logro de la uniformidad en la imposición de la pena.

"(e) La consideración de la naturaleza disuasiva de la pena.

"Dentro de los límites establecidos por la ley, las penas se fijarán de acuerdo a la mayor o menor gravedad del hecho cometido y tomando en consideración, entre otras, las siguientes circunstancias:

"(a) La naturaleza de la acción u omisión delictuosa.

"(b) Los medios empleados.

"(c) La importancia de los deberes transgredidos.

"(d) La extensión del daño [o] del peligro causado.

"(e) La edad, educación, historial social y reputación del autor.

"(f) La conducta relacionada con el delito antes, durante y después de la comisión del mismo.

"(g) La calidad de los móviles del hecho.

"(h) La conducta de la víctima relacionada con la transacción delictuosa.

"Las relaciones, circunstancias y cualidades personales que aumenten o disminuyan la pena, afectará[n] solamente a la persona a quien correspondan."

contraba en la biblioteca de la Universidad Interamericana en Hato Rey examinando un libro para una asignación. El fiscal adujo prueba indicativa de que el sello de la tarjeta del referido libro no correspondía al de tal Universidad.

■ Se ha expresado que el legislador no ha provisto un sistema objetivo de referencia contra el cual evaluar los criterios del Art. 60 ni los complementarios de la Regla 171. D. Nevares-Muñiz, *Derecho Penal Puertorriqueño*, Hato Rey, Ed. Ins. Desarrollo del Derecho, 1983, págs. 320–321. La Ley Núm. 100 de 4 de junio de 1980, que estableció un modelo de sentencia determinada, quiso resolver el problema de la disparidad en las sentencias, mas al no proveerse en las Leyes Núms. 101 y 103 de la misma fecha, de donde arrancan el Art. 60 y la Regla 171, el método de ponderar los criterios expuestos se introdujo en el propio modelo la semilla de la disparidad. Nevares-Muñiz, *op. cit.*

■ El apelante solicita que establezcamos tal método. Entendemos que esta tarea, de estimarse factible y deseable, le corresponde al proceso legislativo y no al judicial en su función adjudicativa. En el ejercicio de esta última función sí velaremos por que, conforme al Art. II, Sec. 12 de nuestra Constitución, no se impongan castigos crueles e inusitados. Esta cláusula requiere penas proporcionales a la severidad de la conducta delictiva, penas no arbitrarias, la imposición, en fin, de la pena menos restrictiva de libertad para lograr el fin por el cual se impone. Nevares-Muñiz, *op. cit.*, pág. 313; opinión concurrente del Juez Brennan en *Furman* v. *Georgia*, 408 U.S. 238, 257 (1972).

■ Normalmente no intervenimos en el ejercicio de la discreción del juez de instancia en la imposición de la pena. A la luz de los hechos y principios expuestos, estimamos, no obstante, que procede moderar las penas. *Se dispone, a tal efecto, que la pena correspondiente al delito de robo se reducirá de*

*veinte a quince años* (³) *y que todas las condenas se cumplirán concurrentemente.*

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión.

---

(³) Como se recordará, la pena fija por el delito de robo monta a doce años de prisión.