EL PUEBLO DE PUERTO RICO en interés del menor M.A.G.O.

*Número:* AC-92-538 *Resuelto:* 22 de febrero de 1995

---

(²) Véase *Ortiz Torres v. K & A Developers, Inc.*, 136 D.P.R. 192 (1994).

*Máximo R. Ruidíaz*, abogado del apelante; *Carlos Lugo Fiol, Subprocurador General*, y *Rose Mary Corchado Lorent, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

El menor M.A.G.O. apela la resolución dictada por el Tribunal Superior que lo ha declarado incurso en una falta Tipo II y le ha impuesto como pena la entrega de su custodia por un (1) año al Hogar Juvenil de Humacao. Se cuestiona únicamente ante nos la validez de la pena impuesta. El caso de autos se perfeccionó para nuestra revisión después de que el foro de instancia decretara el cese de custo-

dia, cierre y archivo de éste. El Procurador General en su informe sostiene que el caso es académico. Le asiste la razón.

## I

El Procurador de Menores presentó una querella contra el menor M.A.G.O. que le imputa una infracción al Art. 15 de la Ley Núm. 18 de 5 de agosto de 1988 (9 L.P.R.A. sec. 3214) consistente en que de forma ilegal, voluntaria y maliciosa, al obrar en concierto y mutuo acuerdo con un adulto, poseyó, retuvo y dispuso de un vehículo de motor marca Datsun, a sabiendas de que era hurtado. Éste pertenece al Sr. Gonzalo Torres González y está valorado en siete mil dólares ($7,000).

El Tribunal Superior celebró una vista adjudicativa a la que compareció el menor acompañado por su madre y representado por un abogado. A través de su abogado, el menor hizo alegación de no incurso en la falta imputada. Luego de que el Ministerio Público desfiló la prueba y la defensa contrainterrogó a los testigos presentados, el tribunal de instancia declaró al menor incurso en falta.

Como medida dispositiva, el tribunal a quo ordenó que la custodia del menor fuese entregada al Departamento de Servicios Sociales por un término de un (1) año para que fuese ubicado en un centro de tratamiento social de la Administración de Instituciones Juveniles y le brindasen servicios de rehabilitación.

Oportunamente, el menor presentó una moción de reconsideración ante el Tribunal Superior que solicitaba la modificación de la pena impuesta. El tribunal la declaró sin lugar.(1)

---

(1) En su resolución, el Tribunal Superior expuso que:

" 'La medida dispositiva de entrega de custodia por un año (menos del máximo de dos años autorizado por ley para falta clase II) se impuso tomando en consideración la naturaleza de la falta, la participación del joven, el impacto adverso de sus actos en la comunidad y en el perjudicado, así como la situación social del joven. La

Posteriormente, el menor presentó ante esta Curia un escrito de apelación en el cual planteó que no estaba conforme con la pena que le fue impuesta y expuso cuatro (4) señalamientos de error que se refieren a ésta.[2] En esencia, alegó que la pena fue arbitraria, inadecuada y caprichosa y que, además, no respondía a los mejores intereses del menor ni de la comunidad, ya que no conducía a la rehabilitación.

El 6 de mayo de 1993, luego de un sinnúmero de trámites procesales relacionados con la preparación de la exposición narrativa de la pena imputada, el apelante sometió su alegato ante nos. Pendientes los procedimientos ante nos, el foro de instancia llevó a cabo una vista el 27 de mayo de 1993 para revisar la pena impuesta. En dicha vista se dispuso que el menor continuase bajo la custodia de la Administración de Instituciones Juveniles en pase extendido en la comunidad, residiendo con sus padres y bajo la supervisión de la Oficina Local de Carolina. Posteriormente, el 27 de agosto de 1993, se celebró otra vista para revisar dicha pena y, luego de examinar el informe social presentado en el expediente y al escuchar a las partes en Sala, el tribunal de instancia decretó el cese de custodia, cierre y archivo del caso.

Así las cosas, el 1ro de noviembre de 1993 se elevaron

---

custodia de un año es la consecuencia y la responsabilidad que deberá asumir.' " Informe del Procurador General, pág. 3.

[2] "A. Cometió error el Honorable Tribunal de Menores, Sala de Carolina, al no celebrar vista dispositiva conforme al Artículo 23 de la Ley de Menores y las Reglas 18.1 y 8.2 del Reglamento para Asuntos de Menores violando con ello el debido proceso de ley.

"B. Cometió error el Honorable Tribunal de Menores al utilizar su propio y personal criterio ignorando su deber de aplicar los criterios que establece el Artículo 25 de la Ley de Menores para imponer medidas dispositivas.

"C. Cometió error el Honorable Tribunal de Menores, Sala de Carolina, al imponer una medida dispositiva que no se ajusta a los hallazgos y recomendaciones del informe social, resultando la misma en una inadecuada, arbitraria y caprichosa, que no responde a los mejores intereses del menor y de la comunidad, ni propende la rehabilitación del menor.

"D. Cometió error el Honorable Tribunal al no expresar fundamento alguno que sostenga la medida dispositiva impuesta según lo requiere [la Ley y el Reglamento]." Informe del Procurador General, pág. 2.

los autos originales del caso a esta Curia. A esa fecha este tribunal no tenía ante sí el informe del Procurador General. El 4 de marzo de 1994 emitimos una resolución que le concedía a éste un término improrrogable de veinte (20) días para presentar su informe correspondiente. El Procurador General sometió una moción informativa en la cual adujo que el alegato sometido por el apelante el 6 de mayo de 1993 no le había sido notificado.

El 28 de marzo de 1994, el Procurador General presentó ante nos una moción de desestimación por haberse tornado académica la apelación, la cual decretamos sin lugar. En esta ocasión le concedimos veinte (20) días para que presentase su informe. Finalmente, el 15 de abril de 1994 el Procurador General presentó dicho informe. No fue hasta esa fecha que el caso quedó perfeccionado para nuestra revisión.

En su informe el Procurador General atendió los señalamientos de error que presentó el apelante y sostuvo que la pena que le fue impuesta al menor se encuentra dentro de los límites establecidos por el ordenamiento. Añadió que el menor no había demostrado que el tribunal de instancia abusara de su discreción al imponer la pena de custodia durante un (1) año.

Por otro lado, el Procurador General planteó que la presentación del recurso de apelación tuvo como propósito cambiar o modificar la pena impuesta que ya había sido cumplida. Al haber ordenado el foro de instancia el cierre y archivo del caso, el recurso se tornó académico, por lo que —alega el Procurador— debe ser desestimado.

## II

La controversia que hoy nos toca resolver consiste en si es académico un recurso que cuestiona únicamente la pena impuesta, luego de haber sido cumplida.

■ La autoridad de los tribunales proviene del principio elemental de que éstos existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tengan un interés real en obtener un remedio que afectará sus relaciones jurídicas. *Noriega v. Hernández Colón*, 135 D.P.R. 406 (1994).

■ Nuestra jurisprudencia ha establecido que un caso puede convertirse en académico cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial de una controversia tornen en ficticia su solución, para convertirse así en una opinión consultiva sobre asuntos abstractos de derecho. *El Vocero v. Junta de Planificación*, 121 D.P.R. 115 (1988); *Noriega v. Hernández Colón*, supra.

■ En *E.L.A. v. Aguayo*, 80 D.P.R. 552, 584 (1958), expusimos lo que constituye un caso académico:

> ..."uno en que se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes que éste haya sido reclamado, o una sentencia sobre un asunto, que al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente".

■ Existen, sin embargo, una serie de excepciones a la aplicación de la doctrina de academicidad.[3] Por ejemplo, no es necesariamente académico un caso criminal en el cual la pena bajo ataque sea tan breve que por lo regular

---

[3] Entre éstas se encuentran los casos en los cuales aun cuando la decisión del tribunal no afecta a las partes involucradas, ésta presenta una cuestión recurrente o repetitiva del asunto planteado; *Roe v. Wade*, 410 U.S. 113 (1973); *Moore v. Ogilvie*, 394 U.S. 814 (1969); *So. Pac. Terminal Co. v. Int. Comm. Comm.*, 219 U.S. 498 (1911); los casos en que la propia parte demandante termina voluntariamente su conducta ilegal; *Com. de la Mujer v. Srio. de Justicia*, 109 D.P.R. 715 (1980); *City of Mesquite v. Adaddin's Castle, Inc.*, 455 U.S. 283 (1982), y los casos en que la situación de hechos ha sido cambiada voluntariamente por el demandado, pero que no tiene visos de permanencia, *United States v. W.T. Grant Co.*, 345 U.S. 629 (1953). De igual manera, se plantea una excepción cuando en un caso se ha certificado por el tribunal una clase, en conformidad con la Regla 20 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y la controversia se torna académica para un miembro de la clase, mas no para su representante. *Sosna v. Iowa*, 419 U.S. 393 (1975); *Franks v. Bowman Transportation Co.*, 424 U.S. 747 (1976).

ha expirado antes de que pueda ser revisada. En aquellos casos cuando el fallo condenatorio acarree consecuencias legales colaterales, la apelación no se considerará académica. *El Vocero v. Junta de Planificación*, supra.

El Tribunal Supremo federal se expresó sobre este particular en el caso de *Sibron v. New York*, 392 U.S. 40 (1968). En este caso, el señor Sibron cumplió con la pena de seis (6) meses que le fue impuesta antes de que le fuese físicamente posible apelar el fallo condenatorio en su caso. El Ministerio Fiscal planteó que al haber cumplido la pena su caso se había convertido en académico. La Corte federal concluyó que el mero hecho de que el apelante hubiera cumplido con la pena que le fue impuesta no tornaba la apelación del fallo de culpabilidad en académica.

Citando a *St. Pierre v. United States*, 319 U.S. 41 (1943), el tribunal expuso dos (2) posibles excepciones a la doctrina de academicidad en lo criminal. Exceptuó, en primer lugar, aquellos casos en que no resulta aparente que el peticionario hubiera podido someter el caso para ser revisado antes de que expirase la pena impuesta. En segundo lugar, excluyó aquellos casos criminales en que el convicto podría quedar expuesto, bajo leyes federales o estatales, a más penalidades o restricciones como resultado del fallo cuya pena impuesta ya fue cumplida. Es decir, siempre que puedan surgir consecuencias legales colaterales del fallo condenatorio, a pesar de que la pena ya fue cumplida por el convicto, la apelación no será académica.

Posteriormente, en *Lane v. Williams*, 455 U.S. 624 (1982), el Tribunal Supremo federal ratificó la doctrina expuesta en *Sibron v. New York*, supra, y concluyó que cuando la apelación de un convicto sólo ataca la pena impuesta y ésta haya expirado mientras se llevan a cabo los procedimientos en instancia, el recurso será académico. Esa es precisamente la situación del caso de autos.

 Examinada cuidadosamente la normativa expuesta en *Sibron v. New York*, supra, y en los casos poste-

riores, hoy adoptamos la doctrina allí expuesta. Un caso criminal en que se apele el fallo condenatorio, cuando la pena impuesta ha sido cumplida por el convicto, es académico si se demuestra que no hay posibilidad de que se impongan consecuencias legales colaterales a base de dicho fallo. En segundo lugar, sería académica la apelación de un fallo condenatorio si resulta aparente que el peticionario hubiera podido someter el caso para ser revisado antes de que expirase la pena. En tercer lugar, un caso es académico cuando el convicto sólo apela la pena impuesta y ésta ha sido cumplida al momento cuando se perfecciona la apelación.

## III

En esencia, lo que apela el menor ante nos es únicamente la pena que le fue impuesta por el foro de instancia luego de que ésta había sido cumplida, por lo que es innecesario discutir si surgen o no consecuencias legales colaterales del fallo condenatorio. El caso de autos fue perfeccionado ante esta Curia para nuestra revisión después de que el foro de instancia decretó el cese de custodia del menor y el cierre y archivo del caso. Veamos.

El apelante presentó su alegato ante nos en mayo de 1993. Así las cosas, en agosto de 1993 el menor cumplió con la pena que impugnaba y el tribunal de instancia decretó el cierre y archivo del caso. No fue hasta abril de 1994 que el Procurador General sometió su informe ante esta Curia y el caso quedó perfeccionado para nuestra revisión. En otras palabras, al momento cuando el caso quedó perfeccionado ante nos, ya el menor había cumplido con la pena impugnada.

Del expediente no surge que le fue físicamente imposible al menor someter su caso para ser revisado antes de que expirase la pena. Por el contrario, el apelante no sometió su alegato reglamentario hasta el 6 de mayo de

1993. Como el Procurador General no recibió una copia del alegato del peticionario, el recurso no pudo ser perfeccionado hasta abril de 1994. Ya para esa fecha el menor había cumplido con la pena impuesta y el Tribunal había cerrado el caso. Recordemos que un caso queda perfeccionado ante nos cuando todas las partes hayan sometido sus escritos. Véase Regla 53 de Procedimiento Civil, 32 L.P.R.A. Ap. III, sobre las apelaciones.

En conclusión, el caso de autos es académico pues el menor sólo apeló la pena que le fue impuesta como resultado del fallo condenatorio en su contra y al momento cuando el caso quedó perfeccionado ante nos ésta ya había expirado. Los cambios fácticos y judiciales acaecidos durante el trámite del caso en cuestión convirtieron en ficticia su solución.

Por los fundamentos antes expuestos, *procedemos a desestimar el recurso.*

El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.