EL PUEBLO DE PUERTO RICO en interés de la menor J.M.G.

*Número:* AC-92-418          *Resuelto:* 25 de septiembre de 1995

*Luis A. Bonilla Espada*, de *Servicios Legales de Puerto Rico, Inc.*, abogado de la parte apelante; *Reina Colón de Rodríguez, Procuradora General Interina*, y *Eunice Amaro Garay, Procuradora General Auxiliar*, abogadas de El Pueblo.

## SENTENCIA

La menor J.M.G. apela ante nos la resolución dictada por el Tribunal Superior, Sala de Asuntos de Menores (Hon. Blanca I. Bonilla Fortis, Juez), que la declaró incursa en falta al Art. 18 de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, Ley para la Protección de la Propiedad Vehicular, 9 L.P.R.A. sec. 3217, cuyo artículo tipifica el delito de apropiación ilegal de un vehículo.

En términos generales, la apelante alega que: erró el tribunal de instancia al denegar una solicitud de absolución perentoria; no se establecieron los elementos de la falta imputada; no se probó su culpabilidad más allá de duda razonable, y se impuso una medida dispositiva que no guarda proporción con la falta cometida, lo cual constituye un castigo cruel e inusitado.

Por los fundamentos expuestos más adelante, se confirma la resolución apelada.

### I

Contra la menor de quince (15) años J.M.G. se presentó una querella por infracción al Art. 18 de la Ley Núm. 8, *supra*, apropiación ilegal de un vehículo. Se alegó en la querella que:

La referida menor [J.M.G.], allí, entonces, ilegal, voluntaria, maliciosa[,] a sabiendas, se apropió sin violencia ni intimidación del vehículo marca Oldsmobile, tablilla AMH162 ... perte-

neciente del Sr. [F.M.C.] el cual estaba estacionado en su residencia. *Exhibit* I, pág. 1.

En la vista adjudicativa la Procuradora de Menores (en adelante Procuradora) presentó como testigos al señor F.M.C. (querellante y padre de la menor J.M.G.), así como al policía William Cruz.

El primer testigo, señor F.M.C., declaró en términos generales que el 15 de mayo de 1992 su hija J.M.G. le pidió las llaves del portón de la casa y él se las entregó. Allí también se encontraban las llaves de su automóvil. Continuó declarando que su hija se llevó su automóvil y desapareció durante cinco (5) días; al ver que ella no regresaba, imaginó que le había ocurrido algo, por lo que reportó el asunto a la Policía. Además, declaró que le había prestado antes el automóvil a su hija, pero el día de los hechos que originan la querella no se lo había prestado, y que el automóvil se recuperó en buenas condiciones pero que tenía "un choquecito".

Acto seguido, la defensa solicitó la absolución perentoria de la menor, ya que no se había probado que ésta se apropió ilegal, voluntaria y maliciosamente del automóvil. La Procuradora argumentó que el automóvil era del padre de la menor, que ésta se lo llevó sin su autorización y que el padre se querelló ante la Policía de que le habían llevado el automóvil. El tribunal de instancia declaró no ha lugar la solicitud referida.

Durante el contrainterrogatorio, el señor F.M.C. declaró, en síntesis, que se querelló a la Policía no porque le robaron el automóvil, sino porque creía que le había ocurrido algo a la menor. No obstante, se reiteró en que no le dio permiso a la menor para llevarse el automóvil. Continuó declarando que en ocasiones anteriores le había prestado el automóvil a la menor pero que nunca tardó más de un día, sino que a las dos (2) o tres (3) horas estaba de regreso; que fue al Cuartel de la Policía preocupado por la

ausencia de su hija y allí el Sargento Serrano le preguntó qué le pasaba, a lo cual él contestó que la hija le había llevado el automóvil. Por último, indicó que el automóvil fue recuperado en el estacionamiento de la Funeraria Parque de Luz, ya que un amigo le había informado que su automóvil se encontraba allí.

Como segundo testigo se presentó al policía William Cruz, adscrito a la División de Vehículos Hurtados. Declaró que el 15 de mayo de 1992 le notificaron por radio que había una persona en el estacionamiento de la Funeraria Parque de Luz, a quien le habían llevado su automóvil, y que el vehículo se encontraba en el estacionamiento referido. Dicha persona resultó ser el señor F.M.C. Éste le informó que le había prestado a su hija las llaves para abrir el portón y que ésta se había llevado el automóvil sin su autorización; que en ocasiones anteriores se lo había prestado, pero que en esta ocasión no le ofreció el automóvil. El policía Cruz continuó declarando que se consultó el caso con la Procuradora, puesto que el padre indicó que quería someterlo; así se hizo en ausencia, ya que la menor no había podido ser localizada.

Durante el contrainterrogatorio, el policía Cruz indicó que el padre de la menor —antes de que se sentara a testificar— le expresó que no tenía interés por proseguir el caso contra su hija y quería que se la entregasen; que en el lugar donde se recuperó el automóvil, el padre de la menor le informó que había presentado una querella por el vehículo hurtado, y le dio el número.

El caso fue sometido y el tribunal de instancia, mediante Resolución de 30 de junio de 1992, declaró a la menor J.M.G. incursa en falta al Art. 18 de la Ley para la Protección de la Propiedad Vehicular, *supra*, y ordenó que la menor quedara bajo la custodia de la Administración de Instituciones Juveniles por el término de dos (2) años.

De esta determinación acude ante nos la menor J.M.G., mediante un escrito de apelación,(¹) en el cual básicamente señala que erró el tribunal de instancia:

A. ... al denegar la solicitud de absolución perentoria.

B. ... al encontrar a la menor [J.M.G.] incursa en la falta imputada, sin que el Estado hubiese probado todos los elementos de la falta, más allá de duda razonable.

C. ... al imponer una medida dispositiva ... que no guarda proporción con la falta cometida, lo que constituye un castigo cruel e inusitado.(²) Informe de la Procuradora General, pág. 3.

## II

Discutiremos los señalamientos de error primero y segundo en conjunto, porque guardan estrecha relación entre sí. Ambos van dirigidos a cuestionar la apreciación de la prueba que hiciera el tribunal de instancia. La apelante plantea que la prueba no demostró que la falta fue cometida con negligencia o intención criminal, por lo que no se probaron todos los elementos de la falta imputada más allá

---

(¹) Presentó, además, una moción en auxilio de jurisdicción para solicitar el egreso inmediato de la menor, la cual fue declarada no ha lugar mediante una resolución de este Tribunal de 17 de julio de 1992.

(²) De un examen del expediente del caso surge que el 2 de agosto de 1994 se decretó el cese de la custodia, cierre y archivo del caso por haber cumplido la menor con el término dispuesto en ley, por lo que resulta académico el tercer señalamiento de error. Véase *Pueblo en interés menor M.A.G.O.*, 138 D.P.R. 20 (1995). No obstante, cabe destacar que el referido error no fue cometido. La falta aquí imputada es una falta clase III, según se define en el Art. 27 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2227. Dispone, en lo pertinente, el inciso (c) del referido artículo que "[c]uando el Tribunal encuentre al menor incurso en conducta que, de ser incurrida por adulto, constituiría delito grave contra la persona, la propiedad o la honestidad, consistente en los siguientes: ... apropiación ilegal en la modalidad de hurto de vehículos adjudicará la comisión de una falta Clase III y podrá imponer cualesquiera de las siguientes medidas dispositivas: (1) condicional por un término máximo de cuatro (4) años; (2) custodia por un término máximo de tres (3) años". Nótese que en el caso de autos no le fue impuesta a la menor el término máximo dispuesto por la ley, y que el juez de instancia tomó en consideración el informe de la trabajadora social al imponer el término que había de cumplirse como medida dispositiva. Recordemos que este Tribunal ha resuelto reiteradamente que no intervendrá en el ejercicio de la discreción del juez de instancia en la imposición de la pena, en ausencia de evidencia de un claro abuso de discreción. *Pueblo v. Pérez Zayas* 116 D.P.R. 197, 201 (1985); *Pueblo v. Rivera Torres*, 121 D.P.R. 128, 140 (1988); *Pueblo v. Santiago Acosta*, 121 D.P.R. 727, 744 (1988).

de duda razonable. Alega que lo único que estableció la Procuradora fue la apropiación del vehículo sin permiso del padre, pero no probó los elementos de ilegalidad maliciosa ni de ilegalidad y a sabiendas.[3] No le asiste la razón a la apelante. Veamos.

El Art. 18 de la Ley para la Protección de la Propiedad Vehicular, *supra*, dispone, en lo pertinente, que:

> Toda persona que ilegalmente se apropiare sin violencia ni intimidación de algún vehículo de motor, perteneciente a otra persona, será sancionada con pena de reclusión por un término fijo de cinco (5) años. ...
> Se entenderá que la apropiación es ilegal en cualquiera de las siguientes circunstancias, cuando la persona:
> (1) Se ha apropiado o apoderado del vehículo sin consentimiento de su dueño.

De otra parte, el párrafo segundo del Art. 22 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2222, provee que:

> Se aplicarán las Reglas de Evidencia, Ap. IV del Título 32, y las alegaciones del Procurador han de probarse más allá de duda razonable.

En·*Pueblo en interés menor F.S.C.*, 128 D.P.R. 931, 941–942 (1991), se señaló que:

> Para poder obtener una convicción válida en derecho y derrotar la presunción de inocencia que asiste a toda persona acusada de delito, era indispensable que la Procuradora de Menores presentara prueba respecto a cada uno de los elementos del delito. Sin embargo, esta obligación iba más allá de la mera presentación de prueba respecto a cada elemento del delito. *Pueblo v. Cabán Torres*, 117 D.P.R. 645, 652 (1986). Dicha prueba tiene que ser suficiente para establecer los elementos y su relación con el acusado más allá de duda razonable. Art. II, Sec. 2, Const. E.L.A., L.P.R.A., Tomo 1; *Pueblo v. Ramos y Álvarez*, 122 D.P.R. 287 (1988); *Pueblo v. Bigio Pastrana*, 116 D.P.R. 748, 760–761 (1985); *Pueblo v. Picó Vidal*, 99 D.P.R. 708, 713 (1971). Esto es, tiene que ser prueba que "produzca certeza

---

[3] Alegato de la apelante, pág. 8.

o convicción moral en una conciencia exenta de preocupación". *Pueblo v. Carrasquillo Carrasquillo*, supra, pág. 552. Véanse: *Pueblo v. Narváez Narváez*, 122 D.P.R. 80 (1988); *Pueblo v. Cabán Torres*, supra[, pág. 652].

Con relación al concepto de "duda razonable", en *Pueblo v. Meléndez Rodríguez*, 136 D.P.R. 587, 620 (1994), señalamos que:

> ... tal concepto "... [n]o quiere decir que toda duda posible tenga que ser destruida y 'que la culpabilidad del acusado tenga que establecerse con certeza matemática, sino que la evidencia' establezca 'aquella certeza moral que convence, dirige la inteligencia y satisface la razón. Duda razonable es una fundada, producto del raciocinio de todos los elementos de juicio envueltos en el caso'. (Citas omitidas.) *Pueblo v. Bigio Pastrana*, 116 D.P.R. 748, 761 (1985)."

A la luz de los principios antes esbozados hemos examinado la totalidad de la exposición narrativa de la prueba. Su lectura integral nos lleva a concluir que la prueba presentada en el caso de autos demostró más allá de duda razonable la culpabilidad de la menor J.M.G. por apropiación ilegal de un vehículo. Nótese que el padre de la menor, durante su testimonio, reiteró en varias ocasiones que su hija se había llevado el automóvil sin su autorización y que ésta desapareció durante cinco (5) días. Ello no fue refutado por la parte apelante. Ciertamente el elemento de intención y malicia se desprende con claridad del hecho de haber permanecido con la posesión del automóvil por el período de cinco (5) días, sin dar aviso alguno a su padre, a sabiendas de que no tenía la autorización de éste para utilizar el vehículo; además, no lo devolvió, sino que lo abandonó cuando éste se quedó sin gasolina. Nótese que el propio Art. 18 de la Ley para la Protección de la Propiedad Vehicular, *supra*, dispone expresamente que una de las circunstancias que comprende la apropiación es cuando la persona se ha apropiado o apoderado del vehículo sin consentimiento de su dueño. De ahí es que resulta frívolo el planteamiento de la apelante con respecto a que no se pro-

baron los elementos de la falta imputada más allá de duda razonable.

En conclusión, corresponde a la apelante demostrar que procede intervenir con el fallo o veredicto. En el caso ante nos no se justifica tal intervención, pues lo señalado por la apelante no produce "en nuestro ánimo una insatisfacción o intranquilidad de conciencia tal que se estremezca nuestro sentido básico de justicia". *Pueblo v. Cabán Torres*, 117 D.P.R. 645, 648 (1986).

Por los fundamentos antes expuestos, *se confirma la resolución apelada.*

Así lo pronunció, manda el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Rebollo López disintió sin opinión escrita. La Juez Asociada Señora Naveira de Rodón disintió con opinión escrita.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Opinión disidente emitida por la Juez Asociada Señora Naveira de Rodón.

Contra la menor J.M.G. fue presentada una querella por infracción al Art. 21. 18 de la Ley Núm. 8 de 5 de agosto de 1987, Ley para la Protección de la Propiedad Vehicular, 9 L.P.R.A. sec. 3217. Celebrada la vista dispositiva de rigor, fue declarada incursa en la falta imputada, imponiéndosele una medida dispositiva de dos (2) años bajo la custodia de la Administración de Instituciones Juveniles.

No conforme con dicha determinación, presentó un recurso de apelación ante esta Curia por entender, entre otros fundamentos, que su culpabilidad no fue probada más allá de toda duda razonable. La opinión mayoritaria

confirma el dictamen emitido por el foro inferior. Disentimos.

## I

Un examen ponderado de la exposición narrativa de la prueba presentada nos lleva a concluir que los hechos probados en este caso no establecieron los elementos constitutivos de la falta imputada a la menor más allá de toda duda razonable. La presunción de inocencia que cobija a la apelante no fue derrotada a la luz de la totalidad de las circunstancias que rodearon la situación fáctica ante nos. Veamos.

De la prueba presentada, particularmente del testimonio del padre de la menor, surge que el 15 de mayo de 1992 su hija le pidió las llaves del portón de la residencia.[1] En el llavero se encontraban, además, las llaves del automóvil del testigo. La menor tomó el auto sin la autorización de su padre y estuvo cinco (5) días en posesión del vehículo. *El testigo imaginó que a su hija podía haberle ocurrido algo, por lo que reportó la situación a la Policía. Atestó que en ocasiones anteriores había prestado a su hija el automóvil*, aunque el día de los hechos no la autorizó expresamente a usar el vehículo. No obstante, relató que había recuperado el auto en buenas condiciones, aunque tenía un pequeño "cantacito". Aunque el testigo señaló que no había dado autorización a la menor para utilizar el vehículo, se reafirmó en que su querella a la Policía fue motivada por la preocupación de que le hubiese sucedido algo a su hija y no por el hecho de que le hubiesen "robado" el auto.

---

[1] Cabe señalar que, durante el contrainterrogatorio del testigo, el abogado de la defensa intentó en varias ocasiones cuestionar a éste sobre su interés en el procedimiento llevado a cabo en contra de su hija. El juez que presidió la vista no permitió la admisión de dicha evidencia al concluir que, por tratarse la falta imputada una de naturaleza grave, el interés del perjudicado era inmaterial a los efectos de encausar a la menor.

En la vista atestó, además, el policía William Cruz, cuyo testimonio corroboró lo señalado por el padre de la menor.

Con la prueba antes reseñada quedó sometido el caso y se declaró a la menor incursa por la falta imputada, infracción al Art. 18 de la Ley para la Protección de la Propiedad Vehicular, *supra*. Se le impuso una medida dispositiva de dos (2) años bajo la custodia de la Administración de Instituciones Juveniles.

En su escrito de apelación la menor aduce, entre otros señalamientos de error, que no se probaron los elementos de la falta imputada más allá de toda duda razonable. Consideramos que le asiste la razón a la apelante.

## II

El Art. 18 de la Ley para la Protección de la Propiedad Vehicular, *supra*, dispone, en lo pertinente:

*Toda persona que ilegalmente se apropiare sin violencia ni intimidación de algún vehículo de motor, perteneciente a otra persona*, será sancionada con pena de reclusión por un término fijo de cinco (5) años. ...

Se entenderá que la apropiación es ilegal en cualquiera de las siguientes circunstancias, cuando la persona:

(1) Se ha apropiado o apoderado del vehículo sin consentimiento de su dueño. (Énfasis suplido.)

Los elementos constitutivos del Art. 18, *supra*, en la parte pertinente, son idénticos a los elementos que constituyen el Art. 165 del Código Penal, 33 L.P.R.A. sec. 4271, el cual tipifica el delito de apropiación ilegal. El Art. 165, *supra*, dispone:

Toda persona que ilegalmente se apropiare sin violencia ni intimidación de bienes muebles, pertenecientes a otra persona ....

El delito de apropiación ilegal es uno que, por su natu-

raleza, exige que se realice con una *intención específica*(²) de apropiarse de los bienes. "La intención criminal es una *condición subjetiva y, como tal, sólo puede descubrirse su existencia atendiendo a las circunstancias particulares que concurren en el hecho delictivo."* (Énfasis suplido.) *Pueblo v. Miranda Ortiz,* 117 D.P.R. 188, 194 (1986), y casos allí citados. Véanse, además: *Pueblo v. Robles González,* 132 D.P.R. 554 (1993); *Pueblo v. Pérez Rivera,* 129 D.P.R. 306 (1991). En el análisis editorial al Art. 165, supra, y citando con aprobación el caso *Pueblo v. Miranda Ortiz,* supra, nos señala la Prof. Dora Nevares-Muñiz:

> El acto de apropiarse del bien mueble sin violencia ni intimidación requiere además, el elemento de que esa apropiación sea de naturaleza ilegal. Es decir, que se trate de un acto "en contravención de alguna ley, reglamento u orden". *Pueblo v. Miranda, supra.* Implícito en que el acto sea ilegal está el elemento de la intención de apropiarse del bien. Así, *si hubiera alguna causa de justificación o de exclusión de responsabilidad penal, que hiciera legal el acto de la apropiación, entonces faltaría un elemento del delito.* (Énfasis suplido.) D. Nevares-Muñiz, *Código Penal de Puerto Rico,* 3ra ed., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1995, pág. 266.

De otra parte, en ocasiones reiteradas hemos consagrado el principio fundamental de nuestro sistema de derecho que propugna que la culpabilidad de un imputado de delito debe ser probada más allá de duda razonable. No se cumplimenta este requisito fundamental presentando prueba que meramente sea suficiente o que verse sobre todos los elementos del delito imputado. La prueba ha de ser suficiente en derecho, es decir, que produzca certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido. *Pueblo v. Cabán Torres,* 117 D.P.R. 645, 652 (1986), y casos allí citados.

---

(²) El Art. 15(a) del Código Penal, 33 L.P.R.A. sec. 3062(a), establece que el delito es de intención específica cuando el resultado ha sido previsto y querido por la persona como consecuencia de su acción u omisión. Véase el análisis editorial de la Prof. Dora Nevares-Muñiz en su obra *Código Penal de Puerto Rico,* 3ra ed., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1995, págs. 25–26.

Al aplicar los precedentes anteriores a la situación de hechos que nos ocupa, es forzoso concluir que existe una duda razonable y fundada que debió absolver a la menor de la falta imputada en este caso.

Conforme a la exposición narrativa de la prueba presentada, los hechos sólo establecieron que la menor tomó el auto sin autorización expresa de su padre; que era su costumbre tomar prestado dicho automóvil; que lo devolvió al cabo de cinco (5) días y que su padre dio parte a la Policía ante el temor de que a su hija le hubiese ocurrido algo. No se demostró, con la prueba antes reseñada, la intención específica de apropiarse ilegalmente del vehículo, elemento constitutivo indispensable de la falta imputada. Adviértase que en ocasiones anteriores la menor utilizó el auto de su padre. Era su costumbre tomar dicho vehículo prestado. Cabe señalar, además, que no resulta extraño entre los jóvenes adolescentes "tomar prestados" los automóviles de sus padres, con o sin la autorización de éstos, especialmente cuando en ocasiones anteriores sus padres le han permitido el uso del vehículo, y como sucedió en este caso, sus llaves estaban en el llavero que el padre le entregó a la menor. El padre no le advirtió que no utilizase el vehículo. No se configuró, conforme a la prueba presentada, la intención criminal de apropiarse ilegalmente de éste.

Como expresáramos en *Pueblo v. Cabán Torres*, supra, pág. 655, "hasta tanto se disponga de un método infalible para averiguar sin lugar a dudas d[ó]nde está la verdad, [la] determinación tendrá que ser una cuestión de conciencia. Ese deber de conciencia no para en el fallo del tribunal sentenciador. Nosotros también tenemos derecho a tenerla tranquila".

Por los fundamentos antes expuestos, nos vemos precisados a disentir de la opinión suscrita por la mayoría de este Tribunal. Revocaríamos, por insuficiencia de la prueba presentada, el dictamen emitido por el tribunal de instancia.