ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**YANIEL J. REYES RODRÍGUEZ**<br><br>Peticionario | TA2025CE00684 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br><br>Crim. Núm.:<br>**ABD2017G0142**<br><br>Sobre:<br>Inf. Art. 190, Inf., Art. 189 CP |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de enero de 2026.

Comparece ante nos, por derecho propio y como indigente, Yaniel J. Reyes Rodríguez (Reyes Rodríguez o peticionario), quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación en la Institución Correccional Ponce 500.[1] Solicita que revoquemos la *Orden* dictada el 10 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI). Mediante la misma, el TPI declaró *No Ha Lugar* la moción de corrección de sentencia presentada por el peticionario.

Por los fundamentos que expresamos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

## I.

Según surge del expediente, por hechos acaecidos el 22 de mayo de 2017, el Ministerio Público presentó acusaciones contra Reyes Rodríguez por infracciones a los Artículos 190 (Robo Agravado) y 248 (Uso de disfraz en la comisión de delito) del Código

---

[1] El 20 de diciembre de 2025, posterior a la presentación del recurso de referencia, el licenciado Javen Soto Colón instó una moción asumiendo la representación legal de Reyes Rodríguez.

Penal de Puerto Rico de 2012[2] y los Arts. 5.04, 5.05 y 5.15 de la Ley de Armas de Puerto Rico.[3]

El 10 de noviembre de 2017, Reyes Rodríguez firmó una *Moción sobre Alegación Pre-Acordada*, mediante la cual solicitó enmendar las acusaciones que pesaban en su contra y **se declaró culpable** por violaciones a los **Arts. 189 (Robo)** y 248 (Uso de disfraz en la comisión de delito) del Código Penal de 2012; así como por infracciones a los Arts. 5.04 (Portación y Uso de Armas de Fuego sin licencia), 5.05 (Portación y Uso de Armas Blancas) y 5.15 (Disparar o Apuntar Armas) de la Ley de Armas. Lo anterior, para un total de 15 años de cárcel. Examinada la aludida moción, el Tribunal de Primera Instancia la aceptó por ser conveniente a una sana administración de la justicia.

En lo pertinente, el 14 de febrero de 2018, el TPI dictó una *Sentencia* por medio de la cual, en la infracción al **Art. 189 del Código Penal de 2012 (Robo)**, condenó a Reyes Rodríguez a una pena de **11 años y 6 meses** de cárcel.[4] Además, se ordenó la suspensión de la sentencia a tenor con la Ley Núm. 259 de 3 de abril de 1946. El 6 de noviembre de 2018 se revocó la probatoria de Reyes Rodríguez por violentar varias condiciones impuestas por el Tribunal.

Así las cosas, el 19 de agosto de 2025, Reyes Rodríguez instó ante el foro *a quo* una *Moción de Corrección de Sentencia, al Amparo de la Regla 185 de Procedimiento Criminal y del Artículo 36 del CP (Pena de Tentativa)*. En esta, alegó que, en febrero de 2018, fue sentenciado luego de una alegación preacordada, por medio de la cual se reclasificó el delito de robo agravado a uno de tentativa de

---

[2] Ley Núm. 146 de 30 de julio de 2012, según enmendada.
[3] Ley Núm. 404 de 11 de septiembre de 2000, según enmendada, 25 LPRA secc. 455 *et. seq.* (derogada 2020).
[4] Al mismo tiempo, impuso el pago de un comprobante de $300.00 al amparo del Art. 61 del Código Penal y decretó que la pena sería concurrente con los casos ABD2017G0142 y AOP2017G0010, pero consecutiva con los casos ALA2017G0094 al ALA2017G0096.

robo. Añadió que la pena impuesta por dicha infracción fue mayor a los 10 años que establece el Código Penal, por lo cual convirtió la sentencia en una ilegal. Ante ello, solicitó al TPI su corrección por violentar el principio de legalidad y exceder el máximo impuesto por ley para una pena de tentativa de robo.

Atendida la antedicha petición, el 10 de septiembre de 2025, el TPI dictó el pronunciamiento que hoy revisamos y expresó lo siguiente: "*No Ha Lugar. Sentencia final, firme e inapelable conforme a preacuerdo.*"

Inconforme, Reyes Rodríguez acude ante este Foro y alega que el Tribunal de Primera Instancia erró al denegar su solicitud al amparo de la Regla 185 de Procedimiento Criminal.

Mediante *Resolución* emitida el 4 de noviembre de 2025, concedimos un término de 15 días al Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General (parte recurrida), para fijar su posición sobre el recurso de epígrafe.

El 14 de noviembre de 2025, la parte recurrida incoó una *Moción de Desestimación*, que fue declarada *No Ha Lugar* el 3 de diciembre de 2025.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Pueblo v. Román Feliciano*, 181 DPR 679, 684-690 (2011).[5]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La

---

[5] Véase, además, *León v. Rest. El Tropical*, 154 DPR 249 (2001).

discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).[6] En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una

---

[6] Véase, además, *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012).

dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

El proceso provisto por la Regla 185 de Procedimiento Criminal de Puerto Rico, 34 LPRA Ap. II, R. 185, se considera el mecanismo adecuado para corregir o modificar la pena impuesta cuando la sentencia es ilegal, tiene errores de forma, impuso un castigo distinto al previamente establecido, o cuando por razones justicieras amerita que se reduzca la pena impuesta. *Pueblo v. Vélez Torres*, 212 DPR 175, 182 (2023); *Pueblo v. Silva Colón*, 184 DPR 759, 774 (2012). La referida Regla dispone:

> a) **Sentencia ilegal; redacción de la sentencia** - El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo, podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de *certiorari*.
>
> (b) **Errores de forma** - Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por la inadvertencia u omisión podrán corregirse por el tribunal en cualquier momento, y luego de notificarse a las partes, si el tribunal estimara necesaria dicha notificación.
>
> (c) **Modificación de sentencia** - El tribunal podrá modificar, a solicitud por escrito del Ministerio Público, previa autorización del Jefe de Fiscales en consulta con el Secretario de Justicia, una sentencia de reclusión cuando el convicto coopere en una investigación o procesamiento criminal, en cumplimiento con el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011 y con los requisitos del Artículo 11 del Código Penal de Puerto Rico.

Como podemos ver, en el primer inciso de la Regla 185 de las de Procedimiento Criminal de Puerto Rico, *supra,* se diferencian dos escenarios; a saber: cuando se aduce que la sentencia objeto de cuestionamiento es una ilegal o cuando se parte de la premisa de que la decisión es válida. Por sentencia ilegal se entiende aquella dictada sin jurisdicción o aquella decretada por el tribunal sentenciador en total transgresión a la ley penal. Por tal razón, aquellas sentencias que no se ajustan a la letra de la ley, por haberse impuesto una pena contraria a lo que dispone el estatuto, se consideran nulas e inexistentes por ser las leyes penales de carácter jurisdiccional.[7] En vista de ello, el tribunal puede corregir una sentencia ilegalmente emitida en cualquier momento. *Pueblo v. Casanova Cruz,* 117 DPR 784, 786 (1986).

Por otro lado, debemos recordar que es norma firmemente establecida que el tribunal sentenciador tiene amplia discreción para disponer lo que proceda en derecho. Nuestro más Alto Foro ha establecido que, como regla general, los tribunales apelativos no intervendremos con el ejercicio de la discreción del tribunal de instancia en la imposición de la pena, salvo en los casos de claro abuso de discreción. *Pueblo v. Rodríguez Santana,* 146 DPR 860 (1998); *Pueblo v. Pérez Zayas,* 116 DPR 197 (1985).

**III.**

En su escrito, el peticionario expresa que incidió el foro primario al emitir su dictamen relacionado con la Regla 185 de Procedimiento Criminal. Afirma que procede la corrección de la sentencia impuesta en el caso ABD2017G0142, porque, a su entender, en la alegación preacordada que sometió junto al Ministerio Público se reclasificó la acusación por el delito de robo

---

[7] *Pueblo v. Silva Colón,* supra; *Pueblo v. Lozano Díaz,* 88 DPR 834, 840 y 842 (1963).

agravado (Art. 190) a una tentativa de robo (Art. 189). Por ende, aduce que la sentencia por la tentativa de robo no podía exceder de 10 años.

Analizado el expediente a la luz de las circunstancias específicas de este caso, avalamos la determinación del TPI de denegar la moción presentada por el peticionario. De la *Moción sobre Alegación Pre-Acordada* se desprende que el peticionario acordó con el Ministerio Público hacer alegación de culpabilidad por, entre otros delitos, el de robo.[8] **La misma no expresa en ninguna parte la modalidad de tentativa de robo**. Así, la *Sentencia* por la infracción al Art. 189 del Código Penal recogió lo dispuesto en la referida alegación preacordada. Por tanto, se considera legal y no procede ser corregida.

En suma, no encontramos justo motivo para alterar, como pretende el peticionario, la determinación que hizo el TPI. Esta fue correcta en derecho y no presenta indicios de prejuicio, parcialidad o error craso o manifiesto.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] Cabe destacar que el peticionario no incluyó estos documentos en su recurso. Según ordenado por este Foro, el 18 de diciembre de 2025, la secretaria regional de Aguadilla del Tribunal de Primera Instancia remitió los mismos.